UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINA EVANS<br><br>*Plaintiff*,<br><br>v.<br><br>HOWARD UNIVERSITY HOSPITAL,<br><br>*Defendant*. | Civil Action No. 17-303 (RDM) |

## MEMORANDUM OPINION AND ORDER

For over six months, Plaintiff Elaina Evans has had the opportunity to respond to Defendant Howard University Hospital's motion to dismiss or for summary judgment, and after multiple orders from the Court, has failed to do so. For the reasons discussed below, the Court will dismiss Plaintiff's case without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.23.

Plaintiff, proceeding *pro se*, filed a complaint on February 17, 2017, alleging that her former employer, Howard University Hospital, unlawfully terminated her after she took an extended leave of absence to address family matters and personal health concerns. Dkt. 1 at 1–2. Defendant timely moved to dismiss or, in the alternative, for summary judgment on April 18, 2017. Dkt. 7. The Court ordered Plaintiff to respond to Defendant's motion on or before May 17, 2017, and warned her that if she failed to timely respond, her case could be dismissed for failure to prosecute. Dkt. 8 at 4. Shortly before the deadline, Plaintiff moved for an extension, Dkt. 9 at 1, which the Court granted, setting a new deadline of July 17, 2017, Dkt. 10 at 1.

Plaintiff failed to file within the additional two months provided. A week after her opposition was due, the Court issued an order noting Plaintiff's failure to respond and providing

1

her an additional three weeks to do so. Minute Order (July 24, 2017). In that order, the Court again reminded Plaintiff that it "may dismiss the complaint for failure to prosecute" if Plaintiff failed to file within the time provided. *Id.* She again failed to meet the Court's deadline, and did not seek an extension or otherwise communicate with the Court. *See* Dkt. 11. On August 28, 2017, Defendant filed a notice of Plaintiff's failure to respond and requested that her complaint be dismissed with prejudice under Rule 41(b). *Id.* at 1. As of today, eleven weeks have passed since the Defendant filed its notice, and the Court has yet to receive a response from Plaintiff or any indication that she intends to pursue her claim.

Under Federal Rule of Civil Procedure 41(b), it is within a court's discretion to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." *See also* Local Civil Rule 83.23 (adopting the standard of Rule 41(b)). The court may dismiss for failure to prosecute *sua sponte* or on a defendant's motion. *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); Fed. R. Civ. P. 41(b). The authority to dismiss suits has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link*, 370 U.S. at 629–30.

Dismissal is warranted when, "in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that [she] must act with more diligence, or if [she] has failed to obey the rules or court orders." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988). Although dismissal for failure to prosecute is a relatively "harsh sanction . . . ordinarily limited to cases involving egregious conduct by particularly

dilatory plaintiffs," *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (quoting *Peterson*, 637 F.3d at 418), it is nonetheless warranted "when lesser sanctions would not serve the interest of justice," *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).

Given Plaintiff's failure to respond to the Court's repeated orders and her "lengthy period of inactivity," dismissal for failure to prosecute is appropriate. Defendant filed its motion to dismiss or for summary judgment on April 18, 2017, and this Court has not heard from Plaintiff since she filed her motion for an extension on May 15, 2017—almost six months ago. This Court has twice advised Plaintiff of the consequences of inaction, and Defendant requested eleven weeks ago that the Court dismiss the action for failure to prosecute, Dkt. 11 at 2. Plaintiff has made no effort to justify her failure to respond to Defendant's motion to dismiss or for summary judgment, to the Court's orders requiring a response, or to Defendant's request that the Court dismiss the action for failure to prosecute. Indeed, she has done nothing to suggest that she intends to pursue her case at all. In light of this procedural history, it is apparent that Plaintiff "has not manifested reasonable diligence in pursuing" her case, and that her complaint should be dismissed.

This Court's Local Rules provide that dismissals for failure to prosecute should be made without prejudice unless the delay in prosecution impairs the opposing party's interests. Local Civil Rule 83.23. Defendant does not allege that its interests will be impaired by dismissal without prejudice, *see* Dkt. 11; accordingly, the Court sees no reason to depart from this default rule, particularly in light of Plaintiff's *pro se* status and personal health concerns.

3

In light of Plaintiff's failure to respond to Defendant's motion to dismiss or for summary judgment and to this Court's orders that she do so, it is hereby **ORDERED** that this case is **DISMISSED** without prejudice pursuant to Rule 41(b) and Local Civil Rule 83.23.

**SO ORDERED**.

s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 13, 2017